IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**DAVID LIBRACE**                                                                                      **PLAINTIFF**

**V.**                           **CASE NO.: 2:16-CV-166-KGB-BD**

**NANCY A. BERRYHILL, Acting Commissioner,**
**Social Security Administration**                                                    **DEFENDANT**

## RECOMMENDED DISPOSITION

### I.     Procedure for Filing Objections

This Recommended Disposition ("Recommendation") has been sent to Judge Kristine G. Baker. A Party to this suit may file written objections with the Clerk of Court within fourteen (14) days of filing of the Recommendation. Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

By not objecting, any right to appeal questions of fact may be jeopardized.  And, if no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record.

### II.    Introduction

David Librace filed this lawsuit to appeal the final decision of the Commissioner of the Social Security Administration denying his claim for supplemental security income. (Docket entry #2) The claims and issues Mr. Librace raises here have already

been decided adversely to him in a previous lawsuit. See *Librace v. Colvin*, 2:16CV00007-DPM (E.D.Ark. dismissed Nov. 15, 2016).

The Commissioner has filed a motion to dismiss the current action based on claim preclusion. (#19) Mr. Librace has not responded, and the time for filing a response has passed.

### III. Discussion

Mr. Librace filed two federal lawsuits in 2016 challenging the Commissioner's December 22, 2015 decision to deny his application for benefits. He filed the first case on January 12, 2016. *Librace v. Colvin*, 2:16CV00007-DPM (E.D.Ark. dismissed Nov. 15, 2016). He filed this case on December 7, 2016. In both cases, Mr. Librace alleges disability as of November 2, 2008, and in both, he challenges the Commissioner's December 22, 2015 final decision denying benefits. (#2)

In his first case, Judge Patricia Harris recommended affirming the Commissioner's decision to deny benefits on October 16, 2016. *Librace v. Colvin*, 2:16CV00007-DPM, docket entry #28 (E.D.Ark. dismissed Nov. 15, 2016). Judge D. P. Marshall Jr. adopted the recommendation and affirmed the Commissioner's decision. Judge Marshall initially dismissed the case without prejudice. *Id*. at #30 and #31. On May 4, 2017, however, Judge Marshall amended the judgment and dismissed the first case with prejudice. *Id*. at #34 and #35. On May 19, 2017, Mr. Librace filed a notice of appeal of Judge Marshall's decision. That appeal remains pending in the Court of Appeals for the Eighth Circuit. *Id*. at #38

Mr. Librace's current lawsuit arises from the same alleged disabilities and the same onset date. He challenges the same adverse decision by the Commissioner that he challenged in the first lawsuit. The Court has no jurisdiction to hear the current case because it is barred by both administrative and judicial claim preclusion.

Under social security regulations, a claimant cannot seek benefits for an alleged disability if his claim is based on the same facts and issues the Commissioner has already found insufficient for an award of benefits. 20 C.F.R. §§ 404.957(c)(1), 416.1457(c)(1)); see also *Hillier v. Soc. Sec. Admin.*, 486 F.3d 359, 364-365 (8th Cir.2007). In the pending case, Mr. Librace's challenge concerns the same facts and issues the Commissioner decided adversely to him in his first 2016 application.

In addition to the administrative bar, the current case is barred by judicial claim preclusion.[1] The dispute in the current case has already been litigated and decided in federal court and cannot be relitigated. Furthermore, Judge Marshall's decision in the earlier case is currently on appeal to the Eighth Circuit.

## IV. Conclusion

The Commissioner's motion to dismiss should be GRANTED and the case DISMISSED, with prejudice.

---

[1] A claim is precluded in federal court if: (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action. *In re Anderberg–Lund Printing Co.*, 109 F.3d 1343, 1346 (8th Cir.1997). A preclusion analysis generally turns on whether the claims arise out of the "same nucleus of operative facts." *United States v. Gurley*, 43 F.3d 1188, 1195 (8th Cir.1994) (quoting *Lane v. Peterson*, 899 F.2d 737, 742 (8th Cir.1990)).

DATED this 28th day of July, 2017.

_____
UNITED STATES MAGISTRATE JUDGE